**John P. GUIDRY, Plaintiff–Appellant,**

v.

**BRIDGETON PUBLISHING CO., et al., Defendants–Respondents.**

No. 71738.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 11, 1997.

Stefan J. Glynias, Carl D. Lothman, Adrienne McGonigle, Kristan T. Mont, St. Louis, for plaintiff–appellant.

Husch & Eppenberger, David R. Dyroff, Jr. and Randal K. Mullendore, St. Louis, for defendants–respondents.

Before ROBERT G. DOWD, Jr., P.J., and SIMON and HOFF, JJ.

### ORDER

PER CURIAM.

John Guidry appeals from the trial court's judgments and orders finding against him on all of his claims. Specifically, the trial court sustained a motion for judgment notwithstanding the verdict [1] directed to Guidry's breach of fiduciary duty claim against James J. Trickey and Patricia A. Trickey (collectively, the Trickeys) in Count I of his Petition,[2] sustained a motion to dismiss Count II (to pierce the corporate veil), and sustained a motion to strike Count IV (for constructive trust).[3]

1. Based on jury verdicts in favor of Guidry on the breach of fiduciary duty claim, the trial court originally entered judgment on Count I in favor of Guidry and against the Trickeys in the total amount of $102,000. Judgment and Order, filed September 23, 1996. The trial court subsequently determined that Guidry lacked "standing to bring" that breach of fiduciary duty claim for damages individually. The trial court concluded "[t]he claim should have been brought as a derivative claim in the name of [Bridgeton Publishing Company], not by John Guidry as a shareholder and officer/director." Judgment and Order, filed

No error of law appears in the judgments and orders. An extended opinion would have no precedential or jurisprudential value. The judgments and orders are affirmed in accordance with Rule 84.16(b).

December 4, 1996. Therefore, the trial court dismissed Count I and entered judgment in favor of the Trickeys upon sustaining their motion for judgment notwithstanding the verdict.

2. All counts refer to Guidry's Fifth Amended Petition.

3. There is no dispute that Guidry's claim for an accounting that was set forth in Count III of the Petition was not pursued before the trial court and is not at issue on this appeal.